[No. A027107. First Dist., Div. Five. Mar. 19, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD G. BROAD, Defendant and Appellant.

---

**COUNSEL**

Paula F. Schmidt, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Blair W. Hoffman, Deputy Attorney General, for Plaintiff and Respondent.

---

**OPINION**

**KING, J.**—In this case we hold that time spent in a residential drug rehabilitation program as a condition of probation does not qualify for good conduct credits upon revocation of probation.

Richard G. Broad appeals from a judgment of imprisonment for entering a motor vehicle with intent to commit larceny. (Pen. Code, § 459.) We affirm the judgment.

On October 6, 1982, Broad pleaded guilty to the charged offense. The court sentenced him to the upper term of three years' imprisonment, but suspended execution of the sentence and placed him on three years' probation. One of the conditions of probation was that Broad spend nine months to one year in a residential drug rehabilitation program.

On March 19, 1984, Broad was arrested as a suspect in a burglary. He consented to revocation of his probation, and on April 24, 1984, the court lifted the suspension of the three-year sentence. The court granted credit against the sentence for time spent in county jail and for time spent in the rehabilitation program, and also granted good conduct credits for time spent in county jail, but denied conduct credits for time spent in the rehabilitation program.

■ Broad contends that he should have been afforded good conduct credits for the time he spent in the drug rehabilitation program as a condition of his probation. He concedes that such credits are not statutorily authorized (see Pen. Code, § 2931, § 4019), but argues that they are required by equal protection, since denial of such credits would result in different treatment than that afforded defendants incarcerated as a condition of probation. (See generally *People* v. *Sage* (1980) 26 Cal.3d 498, 506-508 [165 Cal.Rptr. 280, 611 P.2d 874].)

The argument lacks merit. There is a compelling state interest in denying conduct credits for time spent in a residential rehabilitation facility as a condition of probation. The concept of giving or taking away time credits might interfere with principles central to operation of the rehabilitation program. Denial of credits involves administrative requirements which the facility may not be equipped to meet. Further, the rationale for affording such credits is absent: the threat of removal from the program is alone sufficient to deter misbehavior, without holding out the possibility of conduct credits for that purpose. (See *People* v. *Saffell* (1979) 25 Cal.3d 223, 234-235 [157 Cal.Rptr. 897, 599 P.2d 92] [compelling state interest underlying effective treatment of mentally disordered sex offenders justified legislative determination not to afford good conduct credits against medical commitment periods].)

Broad relies on *People* v. *Mobley* (1983) 139 Cal.App.3d 320, 323 [188 Cal.Rptr. 583], which held that a defendant is entitled to conduct credits against his confinement in the California Rehabilitation Center (CRC) for time spent in a residential rehabilitation facility as a condition of presentence release on his own recognizance. *Mobley* is to be distinguished from the present case. The court in *Mobley* said that if such credits were not available to the defendant, he "may ultimately serve more custodial time than he would have served had he been able to post bail and thus avoid custodial restraint prior to commencing his term of commitment in CRC." (*Ibid.*) Thus equal protection required the granting of conduct credits to avoid discrimination based on financial status. No danger of discrimination based on financial status exists in the present case.

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.