[No. B014289. Second Dist., Div. Six. May 12, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
RUBEN PHILLIP PALAZUELOS, Defendant and Appellant.

**COUNSEL**

Tyna Thall Orren, under appointment by the Court of Appeal, for Defendant and Appellant.

John Van de Kamp, Attorney General, Robert F. Katz and Keith H. Borjon, Deputy Attorneys General, for Plaintiff and Respondent.

---

OPINION

ABBE, J.—Appeal from the portion of a state prison sentence denying conduct credit.

After appellant pled nolo contendere to two felony charges, a petition was filed under Welfare and Institutions Code section 3051 for his involuntary commitment to the Director of Corrections for confinement in the California Rehabilitation Center (CRC). The trial judge found such a CRC commitment was inappropriate and sentenced appellant to state prison for a term of three years and eight months. After appellant accepted the terms and conditions of probation, execution of sentence was suspended and appellant was admitted to probation.

Among the conditions of probation was a requirement that appellant enroll in the "Narcotics Education League Program," a privately operated residential drug treatment program. Appellant was to remain in the program as long as the director of the program and the probation officer concurred. It was further provided that if he left the program without approval he would return to court within two court days of his departure for a review of the terms and conditions of probation. He completed the program in 153 days.

Later appellant was found to have violated other conditions of probation and the stay of execution of the prison term was vacated. He was sentenced to prison and received credit for the 153 days in the drug treatment program but did not receive conduct credit pursuant to Penal Code section 4019 for the time spent in the drug treatment program. We find he is not entitled to such credit.

■ "Section 4019 authorizes good behavior and work performance credit for certain prisoners confined in city or county jails, industrial farms or road camps. [Fn. omitted.] It does not authorize conduct credit for time in nonpenal institutions such as state hospitals . . . ." (*People* v. *Sage* (1980) 26 Cal.3d 498, 502-503 [165 Cal.Rptr. 280, 611 P.2d 874].) The period spent by appellant at the Narcotics Education League Program was not time spent in custody in a penal institution.

This issue was before the Court of Appeal in *People* v. *Broad* (1985) 165 Cal.App.3d 882, 883 [211 Cal.Rptr. 679], and the court held ". . . time

spent in a residential drug rehabilitation program as a condition of probation does not qualify for good conduct credits upon revocation of probation." We agree with the reasoning and holding in *Broad*.

■ Appellant asserts that denial of conduct credits to him constitutes a denial of equal protection of the laws because such credits are given to persons in CRC confinement and he claims he was similarly situated to such persons. He cites *In re Jiminez* (1985) 166 Cal.App.3d 686 [212 Cal.Rptr. 550] in support of this proposition. We held in *Jiminez* that a person serving consecutive misdemeanor sentences who is committed to the CRC and faces continued incarceration after release from that facility is entitled to conduct credits for the period he was at CRC. The basis of the holding was on the ground of equal protection since felony defendants at CRC were entitled to such credits. (Welf. & Inst. Code, § 3201, subd. (c); *In re Martin* (1981) 125 Cal.App.3d 896, 900 [178 Cal.Rptr. 445].) As both misdemeanants and felons when they are at CRC are similarly situated, such credits must be given to misdemeanants.

There is no showing in this case that appellant, who accepted probation and agreed to enroll in a privately operated drug rehabilitation program for an indefinite period, is similarly situated to a person involuntarily committed to CRC. CRC is a state-operated drug rehabilitation center under the jurisdiction of the Director of Corrections whose inmates are subject to be returned to prison or jail facilities if they are found not fit subjects for confinement or treatment. (Welf. & Inst. Code, § 3053.) Upon release from CRC, such persons are on parole and are subject to the provision of article I (commencing with § 3000) of chapter 8 of title I of part 3 of the Penal Code. No such consequences could affect appellant. The reasoning in *Jiminez* does not apply to this case.

Appellant's reliance on *People* v. *Mobley* (1983) 139 Cal.App.3d 320, 323 [188 Cal.Rptr. 583], is misplaced. Conduct credit was given to Mobley for time spent in a residential rehabilitation facility as a condition of presentence release on his own recognizance because he was unable to post bail and avoid custodial restraint prior to commencing his term of commitment. Equal protection required the granting of conduct credits to Mobley to avoid discrimination based on financial status. No such problem exists in this case.

■ Appellant cites *People* v. *Sylvestry* (1980) 112 Cal.App.3d Supp. 1 [169 Cal.Rptr. 575], in support of his contention. We disagree with the *Sylvestry* decision to the extent it awarded conduct credit. Sylvestry was committed to a drug rehabilitation facility as a condition of release upon her own recognizance. The facility was found to be a custodial facility within

the terms of Penal Code section 2900.5, subdivision (a). That section specifies, in part, that any defendant in a criminal case who has been in custody in a rehabilitation facility shall receive credit for all days of such custody. It also provides that any days credited to a period of confinement pursuant to section 4019 shall be credited upon the term of imprisonment. As noted above, section 4019 applies only to time in custody in specified places. Sylvestry was not confined in a city or county jail, industrial farm or road camp and therefore was not entitled to conduct credit pursuant to Penal Code section 4019, even though she was entitled to custody credit.

Respondent concedes the trial court miscalculated the actual time spent by appellant in custody.

The judgment is modified to allow an additional nine days credit. As modified the judgment is affirmed.

Gilbert, Acting P. J., and Willard, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.