[No. B048769. Second Dist., Div. Six. Sept. 20, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS DARNELL, Defendant and Appellant.

COUNSEL

Stein & Casciola and Jeffrey R. Stein for Defendant and Appellant.

Barry T. LaBarbera, District Attorney, and David L. Johnson, Deputy District Attorney, for Plaintiff and Respondent.

OPINION

STONE (S. J.), P. J.—The sole issue here presented is whether the appellant, convicted of violating Vehicle Code section 23152, is entitled to custody credits for time served in an alcohol rehabilitation program as a pretrial condition to release on his own recognizance. Under the constrictions of a limited record before us, we find that he is entitled to credit for actual time served but is not entitled to conduct credits.[1] We affirm the judgment and remand for resentencing.

FACTS

The engrossed settled statement and the limited record reveal chronologically that November 30, 1988 Thomas Darnell was charged by complaint with driving under the influence of alcohol, violating Vehicle Code section 23152, subdivisions (a) and (b), and with three similar prior convictions. December 20, 1988, appellant was released on his own recognizance conditioned upon his residency in Adobe House, an alcohol rehabilitation facility. The prosecution did not object to this procedure. He remained there from January 3, 1989, through and including May 7, 1989. March 21, 1989, appellant entered a plea of no contest to violation of Vehicle Code section 23152, subdivision (b), driving with a blood-alcohol level of .10 or higher, and admitted all prior allegations.

At sentencing on May 12, 1989, appellant was sentenced to 180 days in jail. Appellant then moved for credit for time served as a result of his stay at Adobe House. The record does not reflect that the prosecution objected to this request. The municipal court found that the Adobe House program was a custodial facility within the meaning of Penal Code section 2900.5, but

---

[1] This appeal originated in the Appellate Department of the San Luis Obispo County Superior Court, pursuant to California Rules of Court, rule 62(a).

denied the motion because it concluded that *People* v. *Municipal Court* (*Hinton*) (1983) 149 Cal.App.3d 951 [197 Cal.Rptr. 204] precluded the grant of credits.

## DISCUSSION

Penal Code section 2900.5 provides, in pertinent part: "(a) In all felony and misdemeanor convictions, . . . . when the defendant has been in custody, including . . . any time spent in a jail, . . . halfway house, rehabilitation facility, hospital, . . . or similar residential institution, all days of custody of the defendant . . . shall be credited upon his term of imprisonment, . . ." It is not the procedure by which a defendant is placed in a facility that determines the right to credit, but the requirement that the placement be "custodial," and that the custody be attributable to the proceedings relating to the same conduct for which the defendant has been convicted. (*People* v. *Tafoya* (1987) 194 Cal.App.3d Supp. 1, 4 [239 Cal.Rptr. 458]; *People* v. *Mobley* (1983) 139 Cal.App.3d 320, 323 [188 Cal.Rptr. 583]; *In re Watson* (1977) 19 Cal.3d 646, 651 [139 Cal.Rptr. 609, 566 P.2d 243]; Pen. Code, § 2900.5, subd. (b).) Courts have given the term "custody" as used in section 2900.5 a liberal interpretation. (*In re Watson, supra*, 19 Cal.3d at p. 651.) A defendant is entitled to credit if he is released on his own recognizance on condition he remain in a custodial setting. (*People* v. *Mobley, supra*; *People* v. *Sylvestry* (1980) 112 Cal.App.3d Supp. 1, 6 [169 Cal.Rptr. 575].)

We emphasize that this appeal is based upon a limited record and undisputed facts that Adobe House is a residential facility within the meaning of Penal Code section 2900.5, subdivision (a), and that appellant's stay there is attributable solely to this proceeding. (Pen. Code, § 2900.5, subd. (b).) Consequently, we express no view in this case concerning the legality or appropriateness of the condition, neither raised nor briefed in the lower court. However, the municipal court's factual finding that placement in Adobe House was custodial is supported by substantial evidence.

Respondent asserts that Vehicle Code sections 23202 and 23206 mandate jail time, and that section 23206 takes precedence over Penal Code section 2900.5. Vehicle Code section 23202 prohibits a court's suspending or staying proceedings in which charges of violations of Vehicle Code section 23152 or 23153 are pending, prior to acquittal or conviction, for the purpose of allowing the defendant to attend or participate in alcohol treatment programs. Vehicle Code section 23206 provides that if a person is convicted of violating section 23152 or 23153, "the court shall not stay or suspend

pronouncement of sentencing, and shall pronounce sentence in conjunction with the conviction in a reasonable time, . . ." Additionally, the court is prohibited from absolving a person convicted of violating section 23152 or 23153 "from the obligation of spending the minimum time in confinement, if any, or of paying the minimum fine provided in this article." (Veh. Code, § 23206, subd. (c).)

■■ The unambiguous intent of Vehicle Code sections 23202 and 23206 is to prohibit pre- or postconviction stays or suspensions of proceedings to allow a defendant charged with driving under the influence to be diverted into a treatment program and avoid spending the statutorily mandated minimum time in confinement or paying the statutorily imposed minimum fine upon conviction. (See *People* v. *Weatherill* (1989) 215 Cal.App.3d 1569, 1573 [264 Cal.Rptr. 298].) The instant case does not involve the suspension or staying of a proceeding to allow a person to attend a treatment program. It involves the changing of custody from the county jail to another custodial setting while proceedings are pending.

The prosecution did not object to this procedure or attempt to obtain a waiver of right to credit for time served at the time the order was made. Its objections here are ill timed. (See *People* v. *Sylvestry, supra,* 112 Cal.App.3d Supp. 1, 7-8.) In this case, if the defendant does not receive credit for presentence time spent in Adobe House, he ultimately will serve more custodial time than he would have served had he posted bail and thus avoided custodial restraint altogether prior to sentencing. Such would be a denial of equal protection. (*People* v. *Austin* (1981) 30 Cal.3d 155 [178 Cal.Rptr. 312, 636 P.2d 1].)

*People* v. *Municipal Court (Hinton), supra,* 149 Cal.App.3d 951, does not compel a different result here. In *Hinton,* the defendant entered a plea of guilty to violating Vehicle Code section 23152, subdivision (a), and admitted two prior drunk driving convictions. Over the prosecution's objection, the trial court suspended the imposition of sentence, and placed Hinton on summary probation conditioned upon his serving 120 days in county jail " 'or other custodial facility.' " (149 Cal.App.3d 951, 953.) The court stated that upon completion of an alcohol rehabilitation program the court would give him credit against the 120 days imposed in county jail. The appellate court held that the trial court's sentence violated Vehicle Code section 23171 which provided in part that " . . . the court shall impose as conditions of probation that the person be confined in the county jail for at least 120 days but not more than one year . . . ." The appellate court held that section 23171 does not authorize placement in an alcohol treatment facility to satisfy the confinement in county jail provision of section 23171. (*Id.,* at p. 954.) Although the court was not called upon to resolve the question of

presentence credits, it stated in dicta that "the provisions of Penal Code section 2900.5 are largely irrelevant under the sentencing scheme created by Vehicle Code sections 23171, subdivision (a), and 23202. That scheme effectively precludes the accrual of credit for time spent in a rehabilitation facility prior to conviction and directly bars such placement after conviction." (*Id.*, at pp. 955-956.)

Penal Code section 2900.5 may be "largely irrelevant" to the sentencing scheme created by the Vehicle Code because the court may not stay or suspend proceedings to allow diversion of a defendant into an alcohol program. ██ ██ Cases are not authority for propositions not there considered. (*People* v. *Toro* (1989) 47 Cal.3d 966, 978, fn. 7 [254 Cal.Rptr. 811, 766 P.2d 577]; *People* v. *Ceballos* (1974) 12 Cal.3d 470, 481 [116 Cal.Rptr. 233, 526 P.2d 241].) We note that the present version of Vehicle Code section 23171 gives the trial court discretion to impose as a condition of probation placement in a treatment program so long as the court imposes a minimum sentence of 30 days in county jail. (See also Veh. Code, § 23176, subd. (b).)

Respondent asserts that accrual of presentence credit for time spent in an alcohol rehabilitation facility is precluded by the drunk driving statutes, and Penal Code section 2900.5 was not intended to apply to drunken drivers. That bald assertion appears nowhere in the statutory language. Penal Code section 2900.5 can be harmonized with Vehicle Code sections 23202 and 23206 in the instant case because the court did not stay or suspend proceedings before or after convictions nor did the court absolve appellant from the obligation of spending the minimum time in confinement. Appellant was confined in a custodial facility for 125 days and the trial court imposed a sentence of 180 days in custody as a condition of probation.

██ If the statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it. (*People* v. *Duncan* (1990) 216 Cal.App.3d 1621, 1626 [265 Cal.Rptr. 612]; *In re Lance W.* (1985) 37 Cal.3d 873, 886 [210 Cal.Rptr. 631, 694 P.2d 744].) ██ Appellant is entitled to credit for actual time served but not entitled to conduct credits. Penal Code section 4019 applies only to time in custody in specified places and the statute does not include alcohol treatment programs. (*People* v. *Palazuelos* (1986) 180 Cal.App.3d 962, 966 [226 Cal.Rptr. 31].)

We reiterate that our holding is predicated upon the unusual posture of this case. We question whether, in the normal course of municipal court proceedings, a misdemeanor would proceed at such a deliberate pace

between arraignment and sentencing without the court's staying or suspending proceedings. However, we discern no statutory violations in this record.

The judgment is affirmed. The matter is remanded for the trial court to give appellant credit for his actual time served as a result of his presentence confinement at Adobe House.

Gilbert, J., and Abbe, J., concurred.