[No. H009398. Sixth Dist. Apr. 13, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN NELSON COOK, Defendant and Appellant.

**COUNSEL**

Edward Mahler, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Linda James, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

COTTLE, P. J.—In this case we hold that time spent at home in an electronic monitoring program as a condition of probation does not qualify for good conduct credits upon revocation of probation.

Defendant Stephen Nelson Cook appeals from a judgment of imprisonment for false imprisonment (Pen. Code, §§ 236-237 [case No. 112367]) and petty theft with a prior (Pen. Code, §§ 484, 666 [case No. 137753]). We affirm the judgment.

Defendant was originally granted probation in each felony case. One of the conditions of probation in case No. 112367 was that he spend time at home in the electronic monitoring program. After defendant admitted violating probation, his probation was revoked in both matters. In case No. 112367, defendant was sentenced to three years in state prison. In case No. 137753, he was sentenced to a two-year concurrent term. In case No. 112367, he received credit for 363 days of actual time served, which included 212 days for time spent in the electronic monitoring program. The court awarded defendant additional credit for good conduct pursuant to Penal Code section 4019 for the time he spent in the county jail. However, it concluded that defendant was "not entitled" to "good time/work time credits in the amount of 106 days as a result of 212 actual days in the electronic monitoring program."

The underlying facts in both cases are not relevant to the disposition of this appeal and need not be discussed herein.

■ Defendant contends that because he "was in a custodial setting when he participated in the E.M.P. program[,] . . . he is entitled to good time/work time credit during his period of confinement."

Defendant concedes that "[e]ntitlement to good time/work time credit is statutorily authorized in Penal Code Section 4019," that section 4019 "provides that a person confined or committed to a 'county jail, industrial farm, or road camp, or any city jail, industrial farm, or road camp' is entitled to an additional two (2) days credit toward any commitment for every (4) days actually served," and that "[a]t first blush it would appear that since an electronic monitoring program commitment is not one of the confinements listed in Section 4019, that no good time/work time credit is awarded."

Relying upon the holding in *People* v. *Mobley* (1983) 139 Cal.App.3d 320, 323 [188 Cal.Rptr. 583], that good conduct credit for time spent in a residential rehabilitation facility as a condition of presentence release on his own recognizance is "required by equal protection," defendant claims good conduct credits similarly are required by equal protection for time spent at home in an electronic monitoring program as a condition of probation, since denial of such credits would result in different treatment from that afforded defendants incarcerated as a condition of probation. Despite the plethora of cases since *Mobley* which have denied good conduct credit to persons committed to alcohol or drug treatment programs as a condition of probation (see, e.g., *People* v. *Broad* (1985) 165 Cal.App.3d 882, 883-884 [211

Cal.Rptr. 679]; *People* v. *Palazuelos* (1986) 180 Cal.App.3d 962, 965-966 [226 Cal.Rptr. 31]); *People* v. *Moore* (1991) 226 Cal.App.3d 783, 787 [277 Cal.Rptr. 82]), defendant argues that "[t]the real rationale underlying *Mobley* is that denying good time/work time credit to a person ordered into a non-Section 4019 custodial setting while granting such credit to a person housed in a Section 4019 facility denies the former group equal protection." In turn, he claims "[t]he real import of *Mobley* is that any person placed in any custodial setting should be granted good time/work credit."

Defendant's argument lacks merit. Just as "[t]here is a compelling state interest in denying conduct credits for time spent in a residential rehabilitation facility as a condition of probation" (*People* v. *Broad, supra,* 165 Cal.App.3d at p. 884), so there is a compelling state interest in denying such credits for time spent at home in an electronic monitoring program as a condition of probation. In both cases, "the rationale for affording such credits is absent: the threat of removal from the program is alone sufficient to deter misbehavior, without holding out the possibility of conduct credits for that purpose. [Citation.]" (*Ibid.*; see also *People* v. *Moore, supra,* 226 Cal.App.3d at p. 787.)

Here, in as in *Broad,* "*Mobley* is to be distinguished from the present case. The court in *Mobley* said that if such credits were not available to the defendant, he 'may ultimately serve more custodial time than he would have served had he been able to post bail and thus avoid custodial restraint prior to commencing his term of commitment in CRC.' [Citation.] Thus equal protection required the granting of conduct credits to avoid discrimination based on financial status. No danger of discrimination based on financial status exists in the present case." (*People* v. *Broad, supra,* 165 Cal.App.3d 882, 884.)

We also find it significant that effective September 18, 1991, Penal Code section 2900.5, which provides for the award of actual custody credit, was amended to permit actual credit when an individual is in a "home detention program" such as an electronic monitoring program, while Penal Code section 4019 was not similarly amended because " '[w]here a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed.' " (*People* v. *Valentine* (1946) 28 Cal.2d 121, 142 [169 P.2d 1]; see, generally, 2B Sutherland, Statutory Construction (5th ed. 1992) § 51.02, pp. 121-138.)

The judgment is affirmed.

Bamattre-Manoukian, J., and Wunderlich, J., concurred.