Filed 9/16/22  P. v. Manos CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY JAMES MANOS,<br><br>    Defendant and Appellant. | A164866<br><br>(Sonoma County Super. Ct. Nos. SCR718348-1, SCR747493-1) |
| In re ANTHONY JAMES MANOS<br><br>on Habeas Corpus. | A165776<br><br>(Sonoma County Super. Ct. No. SCR718348-1) |

### BACKGROUND

Anthony James Manos pled no contest to numerous probation violations in superior court case No. SCR718348-1 (the probation violation case) on an underlying conviction for violating Health and Safety Code section 11352, subdivision (a), and to a new violation of Penal Code[1] section 4573, subdivision (a), in superior court case No. SCR747493-1 (the prison contraband case), for hiding drugs on his person during jail intake following an arrest for the latest probation violation.

---

[1] All further statutory references are to the Penal Code unless otherwise designated.

At a combined sentencing proceeding, the court revoked probation and as relevant here, imposed a term of four years in county jail pursuant to an open plea to offenses carrying a maximum term of six years, with an "indicated" sentence of five years. The lower four-year aggregate term chosen by the court consisted of a primary term of three years in the probation violation case, consecutive to a subordinate term of one year in the prison contraband case.

In the probation violation case, the court awarded total credits for time served of 876 days, consisting of 438 actual days and 438 conduct days. The court awarded no credits in the prison contraband case.

Within 30 days of the imposition of sentence, Manos, proceeding pro se, filed two timely notices of appeal, each on a separate date. He listed the superior court number of the prison contraband case as the case in which the appeal was taken on both notices, though each form also indicated that the appeal followed a contested violation of probation.

In addition, the notices of appeal stated that Manos sought to challenge the validity of his plea. Prior to filing the notices of appeal, Manos sought a certificate of probable cause to appeal for each one. In support of those requests, he made various complaints about the representation provided by his retained attorney, someone he discharged before he pled no contest in the prison contraband case but apparently after he agreed to plead out in the probation violation case,[2] a deputy public defender having substituted in as his counsel to handle the combined sentencing after pleas were taken in both cases. The court denied both requests.

We have treated these two notices of appeal as a single appeal, denominated No. A164866 in this court, and taken from the sentence in the

---

[2] The record is unclear concerning the precise sequence.

2

prison contraband case. Appointed counsel in No. A164866 has filed a no-issues brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Counsel requested our independent review of the record and reported that he invited Manos to file a separate submission for our consideration if Manos wished to do so. We have received no such submission.

Separately, Manos filed a pro se habeas corpus petition in this court in the probation violation case. His habeas petition alleges that, prior to revocation, a condition of his probation required him to attend a residential drug treatment program, which he claims to have done. For his attendance in this mandatory rehabilitation program under custodial conditions that were allegedly equivalent to incarceration, he claims he was entitled to receive "custody credits" under section 4019. He argues that he did not waive these credits as part of his plea deal and that the trial court erroneously failed to award them to him in the probation violation case due to attorney error.

On our own motion, we now consolidate Manos's habeas petition in the probation violation case (No. A165776) with his appeal in the prison contraband case (No. A164866), and proceed to resolve both matters together. In resolving the petition for habeas corpus, we also sua sponte take judicial notice of the record in No. A164866. (Evid. Code, §§ 452, subd. (d), 459.)

## DISCUSSION

Manos failed to appeal the conviction or sentence in the probation violation case. The judgment in that case is now final and no longer subject to direct review by appeal.

Manos failed to obtain a certificate of probable cause to appeal allowing him to challenge the validity of his plea in the prison contraband case. To the extent his notices of appeal purport to seek review of his

3

conviction by attacking the validity of the plea in the prison contraband case, we will dismiss the appeal. (§ 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68, 74.)

To the extent Manos's notices of appeal seek review of his sentence in the prison contraband case, we will affirm. Having conducted an independent *Wende* review of the sentencing record, we are satisfied that there are no arguable appellate issues on this record.

By his habeas petition in the probation violation case, Manos seeks collateral review of the sentence imposed for that offense. As noted above, he alleges he was improperly deprived of credits under section 4019 for time spent in residential drug treatment. We will deny habeas relief for two reasons.[3]

First, section 4019 credits are not available for time spent in residential drug treatment. (*People v. Palazuelos* (1986) 180 Cal.App.3d 962, 964; *People v. Broad* (1985) 165 Cal.App.3d 882, 884.) The cases Manos cites, *People v. Ambrose* (1992) 7 Cal.App.4th 1917, *People v. Darnell* (1990) 224 Cal.App.3d 806, 811, *People v. Thurman* (2005) 125 Cal.App.4th 1453, and *People v. Juarez* (2004) 114 Cal.App.4th 1095, all involve section 2900.5 credits.

---

[3] Citing *People v. Ramirez Ruiz* (2020) 56 Cal.App.5th 809, 819, *Wende* counsel points out that we should construe Manos's notices of appeal liberally in favor of his right of appeal, implicitly suggesting that, since it is reasonably clear he was attempting to pursue a pro se appeal in both cases, one of his notices of appeal should be construed as an appeal in the probation violation case. We have no quarrel with the principle counsel cites, but even if we took that approach, it would make no difference because we are addressing on the merits of Manos's habeas arguments directed to the probation violation case.

Second, even if Manos's habeas petition is construed to allege erroneous deprivation of section 2900.5 credits, he has failed to meet his burden of alleging a prima facie case of ineffective assistance of counsel, which requires a showing of both deficient performance of counsel and resulting prejudice. (*People v. Ledesma* (1987) 43 Cal.3d 171, 217; see *Strickland v. Washington* (1984) 466 U.S. 668, 687.)

The amount of credits granted by the court appears to be based on a recommendation in the probation department's presentence report. Manos alleges a 45-day undercount of these credits, but applying the usual presumption of correctness on review, we must take the court's calculation to be correct, and Manos's petition fails to allege facts to overcome the presumption. Nothing alleged in the petition or in any of the attached exhibits indicates one way or the other whether the 876 days of credit he received in the probation violation case already includes the allegedly "missing" 45 days of credits.[4] If the court's calculation of credits was correct, counsel's failure to argue to the contrary cannot have been deficient performance. But even assuming counsel overlooked an error in the credit calculation, the petition does not sufficiently allege prejudice. Manos fails to plead that, had he been asked to sign a waiver of the allegedly overlooked credits, he would have refused to plead open to the indicated sentence of up to five years, and risked going to trial instead.

---

[4] Manos was not entitled to duplicate credit for any of the credit he received in the probation violation case, which appears to be why he received no credits against his consecutive term in the prison contraband case. (§ 2900.5, subd. (b); *People v. Santa Ana* (2016) 247 Cal.App.4th 1123, 1134–1145.)

Because the petition for habeas relief fails to plead facts sufficient to demonstrate either deficient attorney performance or prejudice, we see no basis for an ineffective assistance of counsel claim on this record.

## DISPOSITION

The appeal in No. A164866 is dismissed to the extent Manos seeks to appeal either the judgment of conviction or the sentence in superior court case No. SCR718348-1.

The appeal in No. A164866 is dismissed to the extent Manos seeks to appeal the judgment of conviction in superior court case No. SCR747493-1 or seeks to challenge the validity of the plea on which that conviction is based.

The sentence in superior court case No. SCR747493-1 is affirmed.

Habeas relief in No. A165776 is denied.

STREETER, Acting P. J.

WE CONCUR:

BROWN, J.
GOLDMAN, J.

6