Filed 5/31/23  P. v. Barragan CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>HECTOR JUAN-CARLOS J BARRAGAN,<br><br>　　　Defendant and Appellant. | A164874<br><br>(Sonoma County<br>Super. Ct. Nos. SCR-744608-1,<br>SCR-744743-1) |

Defendant pleaded no contest in two different cases to various drug and firearm related offenses.  He was sentenced to state prison.  Defendant contends the trial court erroneously denied him custody credits for the time spent in residential drug treatment as a condition of pretrial release.  He further contends that even assuming he is statutorily ineligible for such credits, he is being denied equal protection.  Because the record on appeal is unclear as to whether the residential drug treatment programs were custodial, we remand for the trial court to determine if defendant is entitled to custody credits for the time spent in these treatment programs.

## A.  FACTUAL BACKGROUND

We briefly summarize the underlying facts in both cases as they are not pertinent to the issues on appeal.[1]

### 1.  Case No. SCR-744608

In the early hours of January 23, 2021, Petaluma police officers were dispatched to a grey Dodge Charger that had been idling in the same spot for approximately one hour.  There were two people inside the vehicle.  Defendant was the passenger, though he was the owner of the car.  After conducting a records check, the police officers determined defendant was on probation, which along with defendant's intoxication, led officers to search the vehicle.  Inside, the officers located a small bag of cocaine, 180 tablets of Xanax, and small amounts of clonazolam, fentanyl, MDA, Delta-9-THCA, and LSD.  During the search, two handguns were also discovered.

### 2.  Case No. SCR-744743

In the early morning hours of February 15 2021, P.D. and his girlfriend, Dee, were "hanging out" with defendant and his girlfriend.  When defendant dropped off P.D. and Dee at the victim's house, defendant and P.D. became embroiled in an argument, and defendant broke a window of the house.  Approximately, 25 to 30 minutes later, while the victim was in his bathroom, defendant shot into the victim's house, shattering a glass medicine cabinet.  The victim was struck by the shards from the broken mirror and began bleeding from his face.

While investigating defendant, police officers conducted a search of defendant's vehicle and a room rented from his grandmother.  After confirming defendant was subject to a search condition, officers discovered

---

[1] We take the facts from defendant's felony presentence report.

five cellular phones inside his vehicle. In defendant's room, officers located an empty magazine on top of a hamper in the closet, and a clear plastic bag containing suspected Xanax pills. The police also recovered a black bag containing numerous nine-millimeter bullets, the same caliber fired at the victim's residence, a plastic bag containing suspected cocaine, five plastic bags containing suspected Xanax, and a digital scale. In total, defendant was in possession of roughly 310 alprazolam (generic for Xanax) tablets, and 15.8 grams TPW (.55 ounces) of suspected cocaine.

## B. PROCEDURAL BACKGROUND

On March 3, 2021, in case No. SCR-744608, defendant was charged in a complaint with possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), and sale of a designated controlled substance (*id.*, § 11375, subd. (b)(1)).

On March 9, 2021, in case No. SCR-744743, defendant was charged in a complaint with assault with a firearm (Pen. Code, § 245, subd. (a)(2)) with a personal use enhancement (*id.*, § 12022.5, subd. (a)), sale of a designated controlled substance (Health & Saf. Code, § 11375 subd. (b)(1)), possession for sale of a controlled substance (*id.*, § 11351), and misdemeanor vandalism (Pen. Code,[2] § 594, subd. (a)).

At defendant's first appearance in the trial court, he appeared via Zoom. Defendant's counsel informed the court that defendant was in a residential drug rehabilitation facility, through Kaiser, which operated in 30-day increments. While the court allowed defendant to remain out of custody, it ordered him not to leave the premises. On the next court date, defendant was out of custody and appeared in person. His counsel represented defendant had a referral from Kaiser to the River City Recovery residential

---

[2] All further statutory references are to the Penal Code.

treatment program located in Sacramento. Following some discussion, the court allowed defendant to remain out of custody on pretrial release with the additional condition he participate in the River City Recovery program. The court also ordered defendant to wear a GPS device until further order of the court.

Later, to resolve his cases, defendant pleaded no contest to both counts in case No. SCR-744608 and to all four counts and the personal use enhancement in case No. SCR-744743.

Defendant was sentenced to state prison for eight years four months. As relevant to this appeal, he did not receive any credit for time served in case No. SCR-744608 and received credit for one day in case No. SCR-744743.

## II.

## DISCUSSION

Defendant contends the trial court was required to award him presentence custody credits for the time he spent in residential drug treatment as a condition of pretrial release.

## A. FORFEITURE

The Attorney General argues defendant forfeited his claim to presentence credit on appeal by failing to object or by seeking correction in the trial court for this alleged failure to award credits.[3] However, it is the

---

[3] The Attorney General does not contend the appeal is barred under section 1237.1, which precludes a defendant from appealing an "error in the calculation of presentence custody credits" if the claim has not first been presented in trial court. We presume this is because the issues raised on appeal concern not just an error in the calculation of credits, but whether defendant is entitled to credits under relevant statutes or principles of equal protection. (See, e.g., *People v. Delgado* (2012) 210 Cal.App.4th 761, 765–767 [" 'error in the calculation of presentence custody credits' " means "a mere alleged mathematical or clerical error"]; *People v. Santa Ana* (2016)

duty of the trial court under section 2900.5, subdivision (d) to determine custody credits. Moreover, "A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered." (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647.)

## B. LEGAL PRINCIPLES

Section 2900.5, subdivision (a) provides in relevant part: "In all felony . . . convictions, either by plea or by verdict, when the defendant has been in custody, including but not limited to, any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution, all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment . . . ." "The provisions of Penal Code section 2900.5—entitling a defendant sentenced either to county jail or state prison to credit against the term of imprisonment for days spent in custody before sentencing . . . apply to custodial time in a residential treatment facility." (*People v. Jeffrey* (2004) 33 Cal.4th 312, 318.) "A defendant is entitled to credit if he[/she] is released on his[/her] own recognizance on condition he[/she] remain in a custodial setting."[4] (*People v. Darnell* (1990) 224 Cal.App.3d 806, 809.)

"The question of whether a particular facility should be regarded as sufficiently restrictive as to amount to custody constitutes a factual question." (*People v. Ambrose* (1992) 7 Cal.App.4th 1917, 1922.) "It is not the

247 Cal.App.4th 1123, 1127, fn. 3 [§ 1237.1 did not bar appeal seeking determination whether dual credits were available under statute]; *People v. Verba* (2012) 210 Cal.App.4th 991, 994 [§ 1237.1 did not bar challenge based on equal protection claim].)

[4] We reject the Attorney General's assertion to the contrary, which is unsupported by any legal authority. The Attorney General does not dispute that defendant was ordered to participate in treatment as a condition of his pretrial release.

procedure by which a defendant is placed in a facility that determines the right to credit," but whether the components of section 2900.5 are satisfied. (*People v. Darnell, supra,* 224 Cal.App.3d at p. 809.)

## C.  ENTITLEMENT TO CUSTODY CREDITS

"Section 2900.5 has two components:  First, ' "that the placement be 'custodial' " ' and second, ' "that the custody be attributable to the proceedings relating to the same conduct for which defendant has been convicted." ' " (*People v. Davis* (2023) 87 Cal.App.5th 771, 777.)[5]

Here, we are concerned only with the first component—whether defendant's participation in various residential drug treatment programs constituted custody, entitling him to credits for the time spent in these programs.

In this regard, the sentencing memorandum filed by defendant on February 18, 2022, included letters from four drug treatment programs, which he now claims demonstrate "he was a resident at these drug treatment facilities for at least sixty-nine (69) days."  The first letter from Duffy's Napa Valley Treatment verified defendant "was a client at this facility from April 22, 2021 to June 4, 2021."  It further stated, "Hector actively participated in a recognized, licensed program of recovery for alcoholism and/or addiction."  Duffy's later followed up with a second letter indicating defendant "was a client at this facility from 11/17/2021 to 12/14/2021."

---

[5] Section 4019 has no application.  Section 4019, subdivision (a)(8) awards credits to those "confined in or committed to a state hospital or other mental health treatment facility, or to a county jail treatment facility." Section 4019 credits, however, are not available for time spent in residential drug treatment.  (*People v. Palazuelos* (1986) 180 Cal.App.3d 962, 964–965; *People v. Broad* (1985) 165 Cal.App.3d 882, 884.)

A letter from the Redwood Clean & Sober Housing confirmed defendant "moved into Redwood Clean & Sober Housing on June 4, 2021[,] . . . a sober living environment which means Hector is required to attend house meetings, submit to random drug testing, and remain abstinent in order to maintain housing with us." The letter does not indicate how long defendant remained in the program and when he left the program.

Lastly, the sentencing memorandum included a letter dated January 3, 2022, stating defendant "was admitted into The Salvation Army Oakland Adult Rehabilitation Center (ARC) on 1/3/22 and is scheduled to complete the program on 7/6/22," but the record is devoid of documentation confirming defendant finished the program.[6]

"Whether a particular facility will be regarded as sufficiently restrictive as to amount to custody may constitute a factual question. [Citation.] The courts which have considered the question generally focus on such factors as the extent freedom of movement is restricted, regulations governing visitation, rules regarding personal appearance, and the rigidity of the program's daily schedule. [Citation.] [¶] [T]he concept of custody generally connotes a facility rather than a home. It includes some aspect of regulation of behavior. It also includes supervision in a structured life style." (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 326–327.)

Here, it was defendant's burden to demonstrate that he is entitled to custody credits. (*People v. Shabazz* (2003) 107 Cal.App.4th 1255, 1258.) To meet his burden, defendant submitted to the trial court the above-described letters. However, these letters do not reveal the exact nature of the

---

[6] Defendant claims he provided proof of treatment at River City Recovery in Sacramento, citing to an April 2, 2021, minute order. While the minute order states, "Proof of treatment shown to Court," it does not identify the program.

programs, and whether during defendant's participation in the drug treatment programs, he was "in custody . . . in a . . . rehabilitation facility . . . or similar residential institution." (§ 2900.5, subd. (a).) Stated another way, the letters do not reflect if the treatment programs were sufficiently restrictive to constitute custody within the meaning of section 2900.5. The record, for example, does not disclose if defendant could sign himself out of the programs, go where he wanted, and was only subject to the rules of the program when he decided to return. Because the trial court was not asked by defense counsel to award custody credits for defendant's participation in the drug treatment programs, the court had no occasion or obligation to ascertain the custodial status of these programs. Accordingly, we will remand the case for the trial court to determine whether defendant is entitled to custody credits after evaluating whether any of the drug treatment programs were custodial.[7]

---

[7] Defendant also contends equal protection required the trial court to award him custody credits for the time he spent "on pretrial custodial conditions" in residential drug treatment which are analogous to those required under section 1203.018. This section provides that persons who participate in electronic monitoring programs that include the following restrictions are entitled to presentence custody credits: (1) remain within the interior premises of their residence during the hours designated by the correctional administrator; (2) admit persons into his or her residence at any time to verify compliance; and (3) wear a GPS device or other supervising device. (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1089–1090.) We need not address this contention as we conclude the matter must be remanded for the trial court to determine whether the residential drug treatment programs were custodial.

## III.

## DISPOSITION

The matter is remanded to the trial court for the court to determine whether defendant is entitled to any additional custody credits for the time he spent in residential drug treatment.


MARGULIES, ACTING P. J.


WE CONCUR:


BANKE, J.


BOWEN, J.*


A164874
*People v. Barragan*

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.