Filed 2/6/24  P. v. Howard CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　v.<br><br>ANTWAIN TROY HOWARD,<br><br>　　　　Defendant and Appellant. | C098307<br><br>(Super. Ct. No. CR2022-2142,<br>CR2021-2809) |

In November 2022, in case No. CR2022-2142 (the evading an officer case), defendant Antwain Troy Howard pled no contest to evading a peace officer with reckless driving and admitted an on-bail enhancement and an aggravating circumstance.  That same day, in case No. CR2021-2809 (the stolen vehicle case), defendant pled no contest to felony receipt of a stolen vehicle.  The parties agreed to two years' probation with a five-year suspended sentence, consisting of three years for the evasion charge and two years for the receipt of a stolen vehicle charge.

1

In December 2022, the trial court ordered defendant to attend a residential substance abuse treatment program as a condition of his bail.

In April 2023, the trial court sentenced defendant according to the terms of the plea deal and ordered defendant to serve 150 days in jail for the evading an officer case. The trial court further imposed two $300 restitution fines and two $300 probation revocation fines.

During sentencing, defense counsel requested actual and conduct credits for the 90 days defendant had spent in a residential substance abuse treatment program (or 180 days total). The probation report stated that, in the stolen vehicle case, defendant had been incarcerated for one day in October 2021 and was entitled to one day of actual credit. In the evading an officer case, defendant had been incarcerated for two days in July 2022 and was entitled to two days actual and two days conduct credit (or four days total). Regarding defendant's request for credit for the drug treatment program, the probation officer suggested that, if the treatment had been ordered as a condition of probation, defendant would only be entitled to actual credit and not conduct credit. But, if "the treatment was a condition of presentence release on bail, then he would be entitled to both conduct and actual credit." The trial court denied defendant's request and did not grant any custody credit, saying that defendant's rehabilitative time was "incorporated in the court sentence at this time."

On appeal, defendant argues he is entitled to 90 days of actual credit and 90 days of conduct credit (or 180 days total) for the time he spent in drug treatment.[1] He further argues he is entitled to credit for the time he spent in jail after his arrest. Defendant also asks us to remand the matter for the trial court to determine any monetary credit against

---

[1] Defendant raised this issue in the trial court, enabling the matter to be considered on appeal. (Pen. Code, § 1237.1.)

ordered fines for any overage that he served (at a rate of $125 per day). (Pen. Code,[2] § 2900.5.) The People concede defendant is entitled to credit for the time he spent in jail and 90 days' credit for the actual time he spent in drug treatment. However, the People disagree that defendant is entitled to 90 days of conduct credit for his time spent in drug treatment. We agree with the People and will modify the judgment accordingly. Given that the resulting credit award is in excess of the term defendant already served, we will further modify defendant's judgment to apply a monetary credit pursuant to section 2900.5, subdivision (a) to his fines.

DISCUSSION

I

*Actual Credit*

Turning first to the issue of actual credit, a defendant committed to jail is generally entitled to actual credit for all days spent in custody prior to sentencing, including days spent in jail or in a court-ordered residential drug treatment program. (§ 2900.5; *People v. Jeffrey* (2004) 33 Cal.4th 312, 318.) Under section 2900.5, " ' "the placement [must] be 'custodial,' " ' " and it must be " ' "attributable to the proceedings relating to the same conduct for which defendant has been convicted." ' " (*People v. Davis* (2023) 87 Cal.App.5th 771, 777; see also § 2900.5, subds. (a) & (b).)

Here, defendant was entitled to actual credit for the one day he spent in jail in October 2021 and the two days he spent in jail in July 2022. Given that the residential drug treatment was ordered by the court as a condition of his bail, we further conclude he was entitled to 90 days actual credit because the placement was custodial and attributable to the proceedings relating to his conviction. (Cf. *People v. Davis*, *supra*, 87 Cal.App.5th at pp. 777-780 [a defendant who *voluntarily* participated in a residential drug treatment

---

[2]      Undesignated statutory references are to the Penal Code.

3

program while he was on bail was not entitled to credit because the program was neither custodial in nature nor related to his conviction].)

## II

### *Conduct Credit*

The People argue defendant is ineligible for conduct credit for the 90 days he spent in the drug treatment program because such a program is not listed in section 4019. Despite section 4019's specific language and multiple cases finding that a defendant is ineligible for such conduct credit (*People v. Palazuelos* (1986) 180 Cal.App.3d 962, 964; *People v. Broad* (1985) 165 Cal.App.3d 882, 884), defendant cites *People v. Black* (2009) 176 Cal.App.4th 145 for the proposition that courts have previously awarded conduct credit for residential drug treatment programs. Moreover, defendant asks us to read section 4019 expansively, arguing that awarding conduct credit for residential drug treatment programs is consistent with the "spirit of the statute." We agree with the People.

In order to determine whether defendant is entitled to presentence conduct credit for the residential drug treatment program, we must interpret section 4019. In interpreting the statute, we attempt to discern the Legislature's intent, first by considering the words of the provision. (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83.) If the statutory language is unambiguous, "the plain meaning controls" and consideration of "extrinsic sources to determine the Legislature's intent is unnecessary." (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 919.)

Under section 4019, a defendant is entitled to two days of credit for every four days he spends in custody. The statute makes clear that a defendant is only eligible for conduct credit under section 4019 if he was a prisoner "confined in or committed to a county jail, industrial farm, or road camp or a city jail, industrial farm, or road camp." (§ 4019, subd. (a)(1)-(a)(6).) Conduct credit is also applicable if the prisoner was placed on a home detention program pursuant to section 1203.016 or a work release program

4

pursuant to section 4024.2. (§ 4019, subd. (a)(7).) And, conduct credit is applicable if a prisoner is "confined in or committed to a state hospital or other mental health treatment facility, or to a county jail treatment facility in proceedings pursuant to [c]hapter 6 (commencing with [s]ection 1367) of [t]itle 10 of [p]art 2." (§ 4019, subd. (a)(8).)

Given the statute's clear language limiting conduct credit to only certain types of custody situations, we conclude the Legislature did not intend to extend conduct credit for residential drug treatment programs, even if participation was a condition of bail. We note that other courts have reached the same conclusion. (*People v. Palazuelos*, *supra*, 180 Cal.App.3d at p. 964; *People v. Broad*, *supra*, 165 Cal.App.3d at p. 884.)

We disagree with defendant that *Black* changes our analysis. The defendant in *Black* was placed on three years' probation after being convicted of identity theft. (*People v. Black*, *supra*, 176 Cal.App.4th at p. 148; § 530, subd. (a).) After the defendant violated probation, the trial court modified the probation conditions to include participation in the drug court rehabilitation program and residential treatment. (*Black*, at p. 149.) As part of the defendant's participation in the drug court program, she agreed to waive all section 4019 credits. (*Black*, at p. 152.) The defendant subsequently violated probation again, and the trial court sentenced the defendant to three years in prison. (*Id*. at p. 149.) On appeal, the defendant argued her waiver was not knowing and intelligent because her attorney failed to discuss the implications of it, and the trial court failed to admonish her of the consequences on the record. (*Id*. at p. 152.) The appellate court disagreed and concluded her waiver was proper. (*Id*. at pp. 154-155.) The court agreed with the People that the waiver only applied to any section 4019 credits that were accrued before the defendant signed the agreement, meaning that the defendant was entitled to section 4019 credits "for any time spent in custody after September 24, 2007," and a remand for calculation of credits was appropriate. (*Black*, at p. 155.)

We note that neither of the parties in *Black* addressed on appeal whether the defendant was entitled to the credits. Instead, the *Black* court was focused on the effect

of the defendant's waiver of section 4019 credits. (*People v. Black*, *supra*, 176 Cal.App.4th at pp. 152-155.) Rather than determine the issue by itself, the *Black* court remanded the matter for the trial court to determine whether the defendant was entitled to conduct credit and/or how much. (*Id.* at p. 156.) The *Black* court failed to discuss the language of section 4019, and it did not discuss the other cases finding that a defendant is not entitled to conduct credit for residential drug treatment programs. Given that *Black* fails to address whether the defendant was actually entitled to conduct credit for the residential treatment program, we are not persuaded that this case is instructive here.

III

*Fines And Remedy*

The trial court erred in failing to award defendant 93 days of actual credit for the time he spent in jail and at the residential drug treatment program. The appropriate remedy is to modify the judgment. (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647 ["[a] sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered"].) As defendant notes, he has already served his full sentence and the 93 days of actual credit is 93 days more than the sentence imposed. Because defendant has served days in excess of his sentence, he is entitled to a monetary credit against his fines at a rate of $125 a day. (§ 2900.5, subd. (a).) The resulting credit exceeds the imposed fines. Accordingly, the fines must be stricken.

## DISPOSITION

The judgment is modified to strike the imposed fines and reflect 93 days of custody credit. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment in accordance with this opinion and to forward a certified copy to the appropriate authority.

/s/  
ROBIE, Acting P. J.

We concur:

/s/  
KRAUSE, J.

/s/  
WISEMAN, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7