[No. C015366. Third Dist. Mar. 4, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH MARTIN WILLS, Defendant and Appellant.

**COUNSEL**

Stewart Katz, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edgar A. Kerry and Edmund D. McMurray, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**NICHOLSON, J.**—May a probationer receive conduct and work credit (Pen. Code, § 4019) for time served in a work release program (Pen. Code, § 4024.2) while committed to county jail as a condition of probation?[1] We conclude the probationer may not receive conduct and work credit for time served in a work release program because the time is not served "in actual custody." (§ 4019, subd. (f).)

Defendant Kenneth Martin Wills pled no contest to possession for sale of cocaine base (Health & Saf. Code, § 11351.5), was granted probation, and later admitted violating the terms of his probation. The court declined to reinstate him on probation and sent him to prison.

---

[1]Further unspecified code citations are to the Penal Code.

Before his probation was revoked and he was sentenced to prison, the defendant was committed to county jail for 270 days as a condition of probation. He served 83 days in custody at the Butte County jail and spent 105 days in the Sheriff's Work Alternative Program (SWAP) prior to revocation of probation. In committing him to state prison following his violation of probation, the trial court gave the defendant 40 days conduct and work credit for the time he served in actual custody in county jail as a condition of probation (§ 4019; *People* v. *Bobb* (1989) 207 Cal.App.3d 88, 97 [254 Cal.Rptr. 707]), but concluded he was not entitled to conduct and work credit for the time he spent in SWAP.

 On appeal, the defendant contends he should have received conduct and work credit for his entire probation commitment, including the 105 days in SWAP. The People argue the defendant is not entitled to conduct credits for the time he was enrolled in SWAP because he "was *not* being confined in any sort of 'a county jail, industrial farm, or road camp, or any city jail, industrial farm, or road camp' . . . ." (Citing § 4019.)[2]

The supplemental probation report recommended the defendant receive no section 4019 conduct and work credit for his time in SWAP. At sentencing, the defendant did not contest this recommendation.

While the record does not so state, it is apparent, and the defendant agrees, SWAP is a work release program implemented by authority of section 4024.2.[3] (See § 4485.6, subd. (c).) The record shows the defendant was not in actual custody during his 105-day participation in the program. He initially lived at his girlfriend's home and worked at a senior citizen's center.

Although he was not in actual custody during his participation in SWAP, the defendant claims he is entitled to conduct and work credits because (1) section 4019, subdivision (a)(2) authorizes such credits for any person who as a condition of probation was confined in or *committed to* a county jail, (2) the defendant was *committed to* county jail for 270 days as a condition of probation, and (3) each day of his participation in SWAP was "in lieu of one day of confinement [in county jail]" (§ 4024.2, subd. (a)).

The defendant's argument fails because, although subdivision (a) of section 4019 makes the section applicable when a probationer is "committed to"

---

[2]In pertinent part, section 4019, subdivision (a)(2) makes the section applicable when "a prisoner is confined in or committed to a county jail, industrial farm, or road camp . . . as a condition of probation after suspension of imposition of a sentence . . . ."

[3]Section 4024.2 provides that a county board of supervisors may authorize the sheriff to offer a voluntary program under which a person "committed to" county jail may participate in a work release program in which one day of participation will be in lieu of one day of confinement. If the person fails to perform the work assigned, the sheriff may retake the person into custody to complete the remainder of the original sentence.

county jail, subdivision (f) of the same section makes it clear the Legislature did not intend to make available conduct and work time credits unless the probationer is "in actual custody."

As courts frequently declare, our task in interpreting a statute is to determine what the Legislature intended. (*Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 826 [4 Cal.Rptr.2d 615, 823 P.2d 1216].) This task is easier than usual when the Legislature declares its intent. In a 1982 amendment to section 4019, the Legislature added subdivision (f): "It is the intent of the Legislature that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent *in actual custody.*" (Italics added.) Thus, despite the possibility of a probationer being "committed to" the county jail without actual incarceration and the stated applicability of section 4019 when a probationer is "committed to" county jail, the Legislature did not intend section 4019 credits to benefit those *not in actual custody.*

No possible reading of section 4024.2 would support the conclusion a probationer participating in SWAP is *in actual custody* for the purpose of section 4019 conduct and work credits. To the contrary, if the SWAP participant fails to appear for work or even fails to work as assigned, a peace officer may "retake the person into custody . . . to complete the remainder of the original sentence." That a SWAP probationer works each day "in lieu of one day of confinement" (§ 4024.2, subd. (a)) does not make the arrangement custodial. Hence, SWAP is not custodial, and section 4019 credits may not be awarded for SWAP time.

The judgment is affirmed.

Puglia, P. J., and Scotland, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 16, 1994.