[No. C015935. Third Dist. Apr. 26, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
AMADA CORTEZ, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*See footnote 1, *post*, page 511.

COUNSEL

Kelly Hargreaves, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and Karen L. Ziskind, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**PUGLIA, P. J.**—An amended information charged defendant with petit theft with a prior petit theft (Pen. Code, § 666) and alleged defendant had served a prior prison term for vehicular manslaughter (Pen. Code, § 192, subd. (c)(3)) within the meaning of Penal Code section 667.5, subdivision (b). A jury convicted defendant as charged and defendant admitted the prior prison term allegation. Defendant was sentenced to state prison for an aggregate term of three years.

On appeal defendant contends, principally, that the evidence shows as a matter of law she did not serve a term in a penal institution within the meaning of Penal Code section 666. We deal with this contention in the published part of this opinion and, concluding that defendant is correct on this point but otherwise presents no grounds for reversal, we shall modify the judgment to reduce defendant's conviction to petit theft.[1]

Defendant took items of merchandise displayed for sale at a Mervyn's department store, placed them in a Mervyn's bag and walked out of the store

---

[1]Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II and III.

without paying for them. The items had a retail value of $128.99. Defendant was apprehended by store security guards.

I

Penal Code section 666 provides in relevant part: "Every person who having been convicted of petit theft, . . . and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, is subsequently convicted of petit theft, then the person convicted of that subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in the state prison."

The information charged defendant had been previously convicted of petit theft and "served a term therefor in a penal institution and [was] imprisoned therein as a condition of probation. . . ."

The evidence showed defendant had been convicted of petit theft and granted probation on condition she serve 30 days in county jail. However, the sheriff had permitted defendant to perform 20 days on a work project pursuant to Penal Code section 4024.2 in lieu of jail time.[2] Defendant did not actually serve any time in jail as a result of her prior petty theft conviction.

Defendant argued in the trial court, as she does on appeal, that she did not serve a term in a penal institution within the meaning of Penal Code section 666.

Penal Code section 4024.2 (§ 4024.2) authorizes a county to establish a voluntary work release program for persons committed to jail who, if eligible to participate, may earn remission of one day of confinement for each day of participation.[3] Under section 4024.2 a work release program participant performs eight to ten hours of labor "in lieu of" one day of

---

[2] A work project participant is not in custody and therefore is not entitled to credits under Penal Code section 4019. (*People* v. *Wills* (1994) 22 Cal.App.4th 1810, 1813 [27 Cal.Rptr.2d 925].)

[3] Section 4024.2 provides in relevant part: "(a) Notwithstanding any other law, the board of supervisors of any county may authorize the sheriff or other official in charge of county correctional facilities to offer a voluntary program under which any person committed to the facility may participate in a work release program pursuant to criteria described in subdivision (b), in which one day of participation will be in lieu of one day of confinement. [¶] (b) . . . [¶] . . . [¶] (4) The hours of labor to be performed pursuant to this section shall be uniform for all persons committed to a facility in a county and may be determined by the sheriff or other official in charge of county correctional facilities, and each day shall be a minimum of 8 and a maximum of 10 hours, in accordance with the normal working hours of county employees assigned to supervise the programs. . . . [¶] (c) . . . As a condition of participating in a work release program, a person shall give his or her promise to appear for work or assigned activity by signing a notice to appear before the sheriff or at the education,

confinement. (§ 4024.2, subds. (a), (b)(4).) "In lieu of" clearly implies that a participant may perform the labor or serve the day in confinement, but not both.

Subdivision (c) of section 4024.2 requires that a participant "shall give his or her promise to appear for work or assigned activity by signing a notice to appear before the sheriff or at the education, vocational, or substance abuse program at a time and place specified in the notice and shall sign an agreement that the sheriff may immediately *retake the person into custody* to serve the balance of his or her sentence if the person fails to appear for the program at the time and place agreed to, does not perform the work or activity assigned, or for any other reason is no longer a fit subject for release under this section." (Italics added.) Furthermore, "Whenever a peace officer has reasonable cause to believe the person has failed to appear at the time and place specified in the notice or fails to appear or work at the time and place agreed to or has failed to perform the work assigned, the peace officer may, without a warrant, *retake the person into custody, or the court may issue an arrest warrant for the retaking of the person into custody, to complete the remainder of the original sentence.*" (§ 4024.2, subd. (c), italics added.) These provisions clearly contemplate that eligible participants who sign a "promise to appear for work . . . at a time and place specified," if in custody, will be released. In default of that promise, the erstwhile participant may be "retake[n] . . . into custody . . . to complete the remainder of the original sentence." (§ 4024.2, subd. (c).) These provisions unambiguously describe a work program for persons who are committed to but not confined in jail.

Section 4024.2 expressly establishes "a work release program" (§ 4024.2, subd. (c)) for certain eligible persons committed to a county correctional facility but, under the program, not confined to the facility. The record

vocational, or substance abuse program at a time and place specified in the notice and shall sign an agreement that the sheriff may immediately retake the person into custody to serve the balance of his or her sentence if the person fails to appear for the program at the time and place agreed to, does not perform the work or activity assigned, or for any other reason is no longer a fit subject for release under this section. A copy of the notice shall be delivered to the person and a copy shall be retained by the sheriff. Any person who willfully violates his or her written promise to appear at the time and place specified in the notice is guilty of a misdemeanor.

"Whenever a peace officer has reasonable cause to believe the person has failed to appear at the time and place specified in the notice or fails to appear or work at the time and place agreed to or has failed to perform the work assigned, the peace officer may, without a warrant, retake the person into custody, or the court may issue an arrest warrant for the retaking of the person into custody, to complete the remainder of the original sentence. A peace officer may not retake a person into custody under this subdivision, without a warrant for arrest, unless the officer has a written order to do so, signed by the sheriff or other person in charge of the program, that describes with particularity the person to be retaken. . . ."

establishes that defendant's 30-day jail term imposed as a condition of probation was entirely satisfied by her participation in a work release program. Accordingly, defendant did not serve a term in a penal institution within the meaning of Penal Code section 666 as a result of her prior petit theft conviction, and the proof of that essential element of the instant charge fails as a matter of law.

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is modified to reduce defendant's conviction from petit theft with a prior petit theft (Pen. Code, § 666) to petit theft, a misdemeanor (Pen. Code, § 484). The restitution fine imposed for conviction of a felony (Gov. Code, § 13967, subd. (c)) is vacated. The matter is remanded to the trial court for resentencing.

Davis, J., and Nicholson, J., concurred.

---

*See footnote 1, *ante*, page 511.