[No. C042576. Third Dist. Dec. 10, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH MICHAEL SILVA, Defendant and Appellant.

**COUNSEL**

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Bradford R. Fenocchio, District Attorney, Thomas H. Beattie and Peggy C. Turner, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

**SIMS, Acting P. J.**—In this case we hold that defendant Joseph Michael Silva, who was sentenced to state prison following revocation of probation, is not entitled to presentence *conduct* credit for time he spent in home detention on a county electronic monitoring program. (Pen. Code, §§ 1203.016, 4019; undesignated statutory references are to the Penal Code.) The trial court properly rejected an opinion of the Attorney General that had held to the contrary. (85 Ops.Cal.Atty.Gen. 106, 114 (2002).)

In July 1999, defendant pled guilty to false personation and second degree burglary. (§§ 459, 460, subd. (b), 529, par. 3.)[1] He was sentenced to state prison for three years eight months. Execution of sentence was suspended and he was granted probation for five years on the condition, among others, that he serve 365 days in the Placer County jail.

While serving his county jail sentence, defendant was allowed to participate in an electronic monitoring program authorized by section 1203.016 and administered by the Placer County Probation Department.[2] Defendant wore an electronic bracelet, was removed from county jail, and was allowed to go

---

[1] The abstract of judgment erroneously lists the false personation offense as section "529.3" rather than section "529, par. 3." We shall direct the trial court to correct the abstract of judgment.

[2] Section 1203.016 provides in pertinent part as follows: "(a) Notwithstanding any other provision of law, the board of supervisors of any county may authorize the correctional administrator, as defined in subdivision (h), to offer a program under which minimum security inmates and low-risk offenders committed to a county jail or other county correctional facility or granted probation, or inmates participating in a work furlough program, may voluntarily participate in a home detention program during their sentence in lieu of confinement in the county jail or other county correctional facility or program under the auspices of the probation officer.

"(b) The board of supervisors may prescribe reasonable rules and regulations under which a home detention program may operate. As a condition of participation in the home detention program, the inmate shall give his or her consent in writing to participate in the home detention program and shall in writing agree to comply with the rules and regulations of the program, including, but not limited to, the following rules:

"(1) The participant shall remain within the interior premises of his or her residence during the hours designated by the correctional administrator.

"(2) The participant shall admit any person or agent designated by the correctional administrator into his or her residence at any time for purposes of verifying the participant's compliance with the conditions of his or her detention.

"(3) The participant shall agree to the use of electronic monitoring or supervising devices for the purpose of helping to verify his or her compliance with the rules and regulations of the home detention program. The devices shall not be used to eavesdrop or record any conversation, except a conversation between the participant and the person supervising the participant which is to be used solely for the purposes of voice identification.

"(4) The participant shall agree that the correctional administrator in charge of the county correctional facility from which the participant was released may, without further order of the the electronic monitoring or supervising devices are unable for any reason to properly perform

to work, to report to the probation officer, and then to be at home the rest of the time. Defendant worked at two restaurants in the Auburn area. He spent 171 days on the electronic monitoring program.

In April 2002, defendant admitted several violations of probation. Execution of the prison sentence was ordered. Defendant was awarded presentence custody credit (§ 2900.5) for the 171 days he had spent on electronic monitoring.[3] The trial court denied his request for presentence *conduct* credit (§ 4019) for that period.

On appeal, defendant, relying on the aforementioned opinion of the Attorney General, contends he was statutorily entitled to conduct credit for his time on the electronic monitoring program.[4] The People, represented in this court by the Placer County District Attorney, counter that the Attorney General's opinion was wrongly decided and that conduct credit was properly denied. We agree with the People and shall affirm the judgment.

The facts of defendant's offenses are not at issue.

## DISCUSSION

■ Conduct credits for good time and work time are authorized by section 4019, which is set forth in the margin.[5]

---

their function at the designated place of home detention, if the person fails to remain within the place of home detention as stipulated in the agreement, if the person willfully fails to pay fees to the provider of electronic home detention services, as stipulated in the agreement, subsequent to the written notification of the participant that the payment has not been received and that return to custody may result, or if the person for any other reason no longer meets the established criteria under this section. A copy of the agreement shall be delivered to the participant and a copy retained by the correctional administrator. [¶] . . . [¶]

"(h) As used in this section, the following words have the following meanings:

"(1) 'Correctional administrator' means the sheriff, probation officer, or director of the county department of corrections."

[3] There is no dispute surrounding the award of presentence custody credit.

[4] Defendant does not claim he was entitled to conduct credit under principles of equal protection.

[5] Section 4019 provides as follows: "(a) The provisions of this section shall apply in all of the following cases:

"(1) When a prisoner is confined in or committed to a county jail, industrial farm, or road camp, or any city jail, industrial farm, or road camp, including all days of custody from the date of arrest to the date on which the serving of the sentence commences, under a judgment of imprisonment, or a fine and imprisonment until the fine is paid in a criminal action or proceeding.

"(2) When a prisoner is confined in or committed to the county jail, industrial farm, or road camp or any city jail, industrial farm, or road camp as a condition of probation after suspension of imposition of a sentence or suspension of execution of sentence, in a criminal

In his opinion found at 85 Opinions of the Attorney General 106 (2002), the Attorney General concluded that defendants subject to home electronic monitoring programs, under section 1203.016, were entitled to conduct credits under section 4019 because they satisfied the two essential criteria for an award of conduct credits: (1) they were "committed to a county jail," as required by section 4019, subdivisions (a), (b), and (c), and (2) they were "in actual custody" as required by section 4019, subdivision (f), and by the opinion of the Court of Appeal in *People v. Wills* (1994) 22 Cal.App.4th 1810, 1813 [27 Cal.Rptr.2d 925].

■ For present purposes, we will assume for the sake of argument that defendant remained "committed to" county jail while he was on his home electronic monitoring program. However, we think that the Attorney General's analysis of section 4019 disregards the purpose of that statute and places a too-technical definition of what it means to be "in actual custody" as required by subdivision (f) of section 4019. For reasons that follow, we cannot conclude that defendant was in "actual custody" as required by subdivision (f) of section 4019 and by *People v. Wills, supra,* 22 Cal.App.4th 1810, 1813.

"The purpose of . . . section 4019 is to encourage good behavior by incarcerated defendants prior to sentencing. [Citations.]" (*People v. Guzman*

---

action or proceeding.

"(3) When a prisoner is confined in or committed to the county jail, industrial farm, or road camp or any city jail, industrial farm, or road camp for a definite period of time for contempt pursuant to a proceeding, other than a criminal action or proceeding.

"(4) When a prisoner is confined in a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp following arrest and prior to the imposition of sentence for a felony conviction.

"(b) Subject to the provisions of subdivision (d), for each six-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of an industrial farm or road camp.

"(c) For each six-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent of an industrial farm or road camp.

"(d) Nothing in this section shall be construed to require the sheriff, chief of police, or superintendent of an industrial farm or road camp to assign labor to a prisoner if it appears from the record that the prisoner has refused to satisfactorily perform labor as assigned or that the prisoner has not satisfactorily complied with the reasonable rules and regulations of the sheriff, chief of police, or superintendent of any industrial farm or road camp.

"(e) No deduction may be made under this section unless the person is committed for a period of six days or longer.

"(f) It is the intent of the Legislature that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody."

(1995) 40 Cal.App.4th 691, 695 [47 Cal.Rptr.2d 53].) "Conduct credit is awarded to prisoners in penal institutions to encourage good behavior. [Citation.]" (*People v. Moore* (1991) 226 Cal.App.3d 783, 787 [277 Cal.Rptr. 82].)

Section 4019 encourages such good behavior by holding out incentives to defendants. These carrots are found in subdivisions (b) and (c) of section 4019 as follows:

■ Subdivision (b) of section 4019 gives a defendant a deduction of one day from his sentence "unless it appears by the record that the prisoner has refused to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of an industrial farm or road camp." The evident purpose of this provision is to encourage prisoners to satisfactorily perform labor as assigned by the sheriff, chief of police, or superintendent of an industrial farm or road camp. That purpose could not be conceivably served in this case because, even assuming that defendant's restaurant work qualified as "labor," it was not assigned by a sheriff, chief of police, or superintendent of an industrial farm or road camp. Rather, it was assigned by a probation officer.

■ Similarly, subdivision (c) provides for a day to be deducted from the defendant's period of confinement "unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff, chief of police, or superintendent of an industrial farm or road camp." This paragraph assumes that there will be in place reasonable rules and regulations established by the sheriff, chief of police, or superintendent of an industrial farm or road camp. In defendant's case, there were no such rules while he was on home electronic detention. Rather, the rules for the home electronic detention program were established by the board of supervisors. (§ 1203.016, subd. (b).)

■ These provisions of section 4019 make clear that conduct credits are designed to ensure the smooth running of a custodial facility by encouraging prisoners to do required work and to obey the rules and regulations of the facility. This statutory scheme has no application where, as here, a defendant is not in "actual custody" in a facility described in subdivision (a)(1) of section 4019. (See, e.g., *People v. Moore, supra,* 226 Cal.App.3d 783 [no conduct credit for alcohol recovery program].) Here, defendant was not in "actual custody" in a county jail; rather, he was at home or at work wearing a bracelet.

We therefore conclude that, reading section 4019 in its entirety, and particularly subdivisions (b), (c), and (f), that defendant was not "in actual

custody" within the meaning of section 4019 when he was on his electronic home monitoring program. He was therefore not entitled to conduct credits under section 4019. (*People v. Wills, supra,* 22 Cal.App.4th 1810, 1813.)

Our conclusion finds further support in the legislative history of a related statute, section 2900.5. The courts in *People v. Lapaille* (1993) 15 Cal.App.4th 1159, 1170 and *People v. Cook* (1993) 14 Cal.App.4th 1467, 1470 observed that, when the Legislature authorized persons on home detention to receive custody credit (§ 2900.5) in 1991, it did not also authorize such persons to receive conduct credit under section 4019.[6] The trial court found this significant, as do we. " ' " 'Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed.' " [Citation.]' [Citation.]" (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 26 [10 Cal.Rptr.2d 183, 832 P.2d 899], quoting *People v. Drake* (1977) 19 Cal.3d 749, 755 [139 Cal.Rptr. 720, 566 P.2d 622]; see *Golfland Entertainment Centers, Inc. v. Superior Court* (2003) 108 Cal.App.4th 739, 747 [133 Cal.Rptr.2d 828].) ▇ Considering section 4019's language and purpose, and the Legislature's failure to amend it while amending a similar statute, we conclude the trial court properly denied conduct credit for the 171 days defendant spent in home detention on electronic monitoring.

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment and to forward a certified copy to the Department of Corrections.

Davis, J., and Hull, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 17, 2004.

---

[6] Section 2900.5 has been amended since *Lapaille* and *Cook* in ways not relevant to our discussion. (Stats. 1994, ch. 770, § 7, pp. 3854–3855; Stats. 1996, ch. 1077, § 28; Stats. 1998, ch. 338, § 6.)

While home detention is no longer mentioned in subdivision (a) of that statute, it is still expressly mentioned in subdivision (f). In contrast, section 4019 does not mention home detention at all. We reject defendant's argument that "neither [statute] contains an express reference to home detention."