Filed 10/30/14  P. v. Super. Ct. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>     Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN FRANCISCO COUNTY,<br><br>     Respondent;<br><br>CHRISTOPHER HEY,<br><br>     Real Party in Interest. | A142973<br><br>(City and County of San Francisco Super. Ct. No. 14008742) |

The People petition for a writ of prohibition or mandamus directing the trial court to declare that real party in interest, Christopher Hey, is ineligible for presentence reduction credits awarded pursuant to Penal Code section 4019[1] for the time he is to serve in a Sheriff's Work Alternative Program.  Because the law clearly establishes that service in an alternative work release program does not qualify for section 4019 credits, and the record in these proceedings reflects that the trial court left the award of such credits to the discretion of the county sheriff, we grant the writ.

BACKGROUND

A jury convicted Christopher Hey of driving a motor vehicle with a blood alcohol level in excess of .08 percent in violation of Vehicle Code section 23152, subdivision (b).

_____

[1]Further statutory references are to the Penal Code unless otherwise designated.

1

The trial court suspended imposition of sentence, placed Hey on probation with the condition, among others, that he serve a county jail term of 18 days through the Sheriff's Work Alternative Program (SWAP).

The trial court awarded Hey two days of credit pursuant to section 4019 for time spent in custody following his arrest. When a question arose regarding whether Hey would receive section 4019 credit for time spent in the SWAP program, the court stated: "I'm going to leave that to the sheriff's office. If there is a disagreement as to whether 4019 is applicable to SWAP, the intention of the [court] is that the defendant has credit for time served of two days. I'll give you that, but that he spend the remaining time in SWAP. I will leave it to the sheriff's office to apply that as they will."

After an unsuccessful attempt to secure a writ of mandate or prohibition from the superior court, the People filed the petition now before us. On September 18, 2014, we invited the parties to file an opposition and reply, and notified them that the court was contemplating issuance of a peremptory writ in the first instance as authorized by Code of Civil Procedure section 1088 and *Palma v. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.

## DISCUSSION

The trial court awarded Hey two days of credit under section 4019 for time served, and its remarks indicate it had no intention of granting additional credit under section 4019. But it left the actual award of credit for Hey's participation in the SWAP program up to the discretion of the sheriff. This was error for two reasons.

Section 4019 credits are not allowable for time served in work release programs because such time is not considered served in custody for credit calculation purposes. (*People v. Wills* (1994) 22 Cal.App.4th 1810, 1812–1813; *People v. Richter* (2005) 128 Cal.App.4th 575, 579–580.) Moreover, " '[t]he court imposing a sentence' has responsibility to calculate the exact number of days the defendant has been in custody 'prior to sentencing,' add applicable good behavior credits earned pursuant to section

2

4019, and reflect the total in the abstract of judgment.  (§ 2900.5, subd. (d); see also *id.,* subd. (a).)"  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 30.)  The court had no authority to grant the sheriff discretion to award section 4019 credits for Hey's participation in the SWAP program.

"[I]t appears that the petition and opposing papers on file adequately address the issues raised by the petition, that no factual dispute exists, and that the additional briefing that would follow issuance of an alternative writ is unnecessary to disposition of the petition."  (*Palma v. Industrial Fasteners, Inc., supra*, 36 Cal.3d at p. 178.)  Let a peremptory writ of mandate issue in the first instance.

## DISPOSITION

The respondent superior court is directed to declare real party in interest, Christopher Hey, ineligible to earn sentence reduction credits under Penal Code section 4019 for his participation in the Sheriff's Work Alternative Program.

_____
Siggins, J.

We concur:


_____
McGuiness, P.J.


_____
Jenkins, J.