Filed 8/12/16  P. v. Bonnington CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LANCE RODERICK BONNINGTON,<br><br>Defendant and Appellant. | F071060<br><br>(Stanislaus Super. Ct. No. 1456492)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment and order of the Superior Court of Stanislaus County. Linda A. McFadden, Judge.

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Lewis A. Martinez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P.J., Poochigian, J. and Franson, J.

Defendant/appellant Lance Roderick Bonnington argues the trial court erred when it refused to award him *conduct credit* for the time he spent in a rehabilitation program while he was on bail. The trial court awarded defendant credit for time served, but concluded he was not entitled to conduct credits. We conclude defendant was ineligible to receive conduct credits so the trial court correctly denied his motion. Accordingly, we affirm the judgment and the order denying defendant conduct credits for the time he was in the rehabilitation program.

## FACTUAL AND PROCEDURAL SUMMARY

The information charged defendant with nine counts, numerous special allegations, and a prior prison term enhancement. Defendant pled no contest to two counts of driving under the influence of alcohol within 10 years of a prior felony conviction of driving under the influence (Veh. Code, §§ 23152, subd. (a) & 23550.5) and misdemeanor hit and run driving (Veh. Code, § 20002, subd. (a)). In addition, he admitted four prior convictions for driving under the influence of alcohol, and admitted that in each of the driving under the influence counts his blood alcohol content exceeded 0.15 percent. (Veh. Code, § 23578.) In exchange, the other charges and enhancements were dismissed. Defendant was sentenced to the aggravated term of three years for one of the driving under the influence counts, with the sentence on the remaining counts imposed concurrently.

## DISCUSSION

The only issue in this case is whether the trial court erred when it refused to award defendant *conduct credits* for the time he spent in a sober living treatment program. On April 23, 2013, defendant was arraigned, pled not guilty, bail was set at $50,000, and he was remanded to the custody of the sheriff. By April 29, 2013, defendant had been released on bail and was living at the sober living treatment program. At a hearing on that date, the trial court made defendant's continued residence at the facility a condition

2.

of his bail, as well as requiring him to wear a device that would detect any alcohol consumption. Defendant agreed to both conditions.

Defendant was awarded custody credits for the time he spent in the sober living treatment program, but the trial court denied him any conduct credits. Defendant argues the trial court erred in refusing his request, as he was entitled to conduct credits pursuant to Penal Code section 4019.[1]

Section 4019, subdivision (a), identifies the situations in which the statute applies. Subdivisions (b) and (c) address conduct credits. Subdivision (b) provides that one day would be deducted from a prisoner's sentence for each four days the prisoner spent in custody unless the prisoner refused to satisfactorily perform the labor tasks assigned to him. Subdivision (c) provides that one day would be deducted from a prisoner's sentence for each four days the prisoner spent in custody unless the prisoner refuses to comply with the rules and regulations of the prison. Subdivision (f) explains that if the prisoner earns all credit to which he is entitled, "a term of four days will be deemed to have been served for every two days spent in actual custody."

The dispute in this case is whether defendant qualified for these credits when he was on bail but ordered to reside in the sober living treatment program as a condition of his bail. To answer this question, we first turn to subdivision (a), which explains under what circumstances credits can be earned. The first six identified circumstances require the prisoner to be "confined in or committed to the county jail, industrial farm, or road camp or any city jail, industrial farm, or road camp ...." (§ 4019, subds. (a)(1)–(6).) The seventh, and last, circumstance, requires the prisoner to be placed on a home detention program pursuant to section 1203.016, or a work release program pursuant to section 4024.2. (§ 4019, subd. (a)(7).) The People argue defendant was not eligible to earn

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

3.

conduct credits because he was not in any of the circumstances identified in section 4019, subdivision (a).

Defendant argues, in essence, section 4019 requires a more expansive interpretation. His argument begins with *People v. Ambrose* (1992) 7 Cal.App.4th 1917 (*Ambrose*), which, according to defendant, stands for the proposition that the custody credit statutes are to be broadly interpreted, and the question of whether a particular facility is sufficiently restrictive to constitute a custodial facility is a question of fact. (*Id*. at pp. 1921–1922.)

Not only do we find *Ambrose* inapposite, but also potentially damaging to defendant. The issue in *Ambrose* was not whether conduct credits could be earned while a defendant was on bail in an alcohol treatment facility, but whether a defendant could waive any right to future *custody* credits for the time he spent on probation in a residential alcohol treatment facility. The defendant was placed on probation for a residential burglary. When he violated probation, the trial court "insisted that [the defendant] waive not only the 196 days of custody credit he had accrued, but also any credit he would earn while waiting in the county jail for a bed to become available" at the treatment facility before it would agree to reinstate the defendant on probation. (*Ambrose*, *supra*, 7 Cal.App.4th at p. 1920.) The defendant agreed to these conditions. The defendant violated probation again and was sentenced to prison. On appeal, he argued his waiver of custody credits for the time he spent in jail was invalid.

The appellate court disagreed concluding "the trial court's requirement that [the defendant] waive potential rights to future custody credits [pursuant to section 2900.5[2]]

---

[2] The current version of section 2900.5 is not different in any relevant respect from the statute applied in *Ambrose*. Subdivision (a) of the current statute states "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution, all days of custody of the defendant,

4.

was a valid exercise of its power in specifying the conditions of probation." (*Ambrose*, *supra*, 7 Cal.App.4th at p. 1921)  The appellate court went on to observe "it is debatable whether [the defendant] was even 'in custody' at all while at the ranch." (*Ibid*.)  It then cited *People v. Reinertson* (1986) 178 Cal.App.3d 320, 326 for the proposition that when deciding whether a defendant is entitled to custody credits, the term "custody" is broadly defined.  (*Ambrose*, *supra*, at p. 1921.)  " 'The courts which have considered the question generally focus on such factors as the extent freedom of movement is restricted, regulations governing visitation, rules regarding personal appearance, and the rigidity of the program's daily schedule.  [Citation.]  [¶]  While no hard and fast rule can be derived from the cases, the concept of custody generally connotes a facility rather than a home.  It includes some aspect of regulation of behavior.  It also includes supervision in a structured life style.' [Citation.]" (*Id*. at pp. 1921–1922.)

Finally, the appellate court noted that the record did not provide any details about the program in which the defendant was enrolled, and the parties never briefed the issue. It concluded its discussion of this topic by recognizing "[t]he question of whether a particular facility should be regarded as sufficiently restrictive as to amount to custody constitutes a factual question [citation], even though certain facilities by their very nature involve some restraint in untrammeled liberty [citation].  Although it is difficult to

---

including days served as a condition of probation in compliance with a court order, credited to the period of confinement pursuant to Section 4019, and days served in home detention pursuant to Section 1203.016 or 1203.018, shall be credited upon his or her term of imprisonment, or credited to any fine, including, but not limited to, base fines, on a proportional basis, that may be imposed, at the rate of not less than one hundred twenty five dollars ($125) per day, or more, in the discretion of the court imposing the sentence. If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served.  In any case where the court has imposed both a prison or jail term of imprisonment and a fine, any days to be credited to the defendant shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine, including, but not limited to, base fines, on a proportional basis."

conceive of a live-in alcohol treatment program that does not include some modification of behavior and supervision, at least regarding the availability of alcohol, this does not necessarily constitute 'custody.' " (*Ambrose*, *supra*, 7 Cal.App.4th at p. 1922.)

This is the section of the *Ambrose* opinion on which defendant relies. It is clear from this discussion that *Ambrose* related to *custody credits*, not conduct credits. Sections 2900.5 and 4019 are not worded similarly, and defendant's reliance on *Ambrose* is misplaced.

Defendant also cites *People v. Silva* (2003) 114 Cal.App.4th 122 (*Silva*) to support his argument. The issue in *Silva* was whether the defendant was entitled to "presentence *conduct* credit for the time he spent in home detention on a county electronic monitoring program. [Citation.]" (*Id*. at p. 125, original italics.) Silva pled guilty to two crimes, but his prison sentence was suspended. He was placed on probation on the condition he spend one year in jail. While serving his jail sentence, Silva was placed in home detention on an electronic monitor. Silva was allowed to go to work and report to his probation officer, but was required to remain at home for the remainder of the time. Silva admitted he violated his probation and execution of the suspended sentence was ordered.

The appellate court rejected Silva's contention he was entitled to conduct credit for the time he spent on the electronic monitor. (*Silva*, *supra*, 114 Cal.App.4th at p. 127.) In essence, the appellate court held the purpose of conduct credits was to reward prisoners in penal institutions for good behavior. Section 4019 encouraged good behavior by awarding prisoners with additional time credit against their sentence if they satisfactorily performed labor, and obeyed the rules and regulations of the institution. (*Silva*, *supra*, at p. 128.) "These provisions of section 4019 make clear that conduct credits are designed to ensure the smooth running of a custodial facility by encouraging prisoners to do required work and to obey the rules and regulations of the facility. This statutory scheme has no application where, as here, a defendant is not in 'actual custody' in a facility described in subdivision (a)(1) of section 4019. [Citation.] Here, defendant

6.

was not in 'actual custody' in a county jail; rather, he was at home or at work wearing a bracelet." (*Ibid.*)

While defendant correctly cites *Silva* for the proposition that section 4019 is intended to encourage good behavior, he omits the portion of the opinion that stresses that section 4019 is intended to encourage good behavior *in a custodial facility*. As in *Silva*, defendant was not in a custodial facility as defined in section 4019, subdivision (a).

*People v. Moore* (1991) 226 Cal.App.3d 783 (*Moore*) was cited by the *Silva* court. Moore pled to a charge of inflicting corporal injury on a spouse, and his prison sentence was suspended. He was placed on probation, and a condition of probation was that he be remanded to the custody of an alcohol recovery center where he spent 90 days. Probation was later revoked and he was committed to state prison for four years. The trial court granted the defendant custody credit for the time he spent in the alcohol recovery center, but denied him conduct credit. The appellate court denied the defendant's contention that he was denied equal protection of the laws when the trial court denied him conduct credit for the time he spent in the alcohol recovery center. (*Id.* at p. 786.) The appellate court began its analysis by observing that conduct credit for time spent in an alcohol recovery center "is not authorized by section 4019, subdivision (a)(3), which only allows the trial court to award it to prisoners 'confined in or committed to the county jail, industrial farm, or road camp or any city jail, industrial farm or road camp ....' Conduct credit for time spent in nonpenal institutions is not authorized. (*People v. Sage* (1980) 26 Cal.3d 498, 502–503.)" (*Id.* at p. 785.)

Defendant cites *People v. Downey* (2000) 82 Cal.App.4th 899 as support for his argument. The appellate court stated, "While a defendant is not entitled to conduct credits for time served as a condition of probation in a residential drug rehabilitation program (*People v. Palazuelos* (1986) 180 Cal.App.3d 962, 964–965), the record clearly reflects that on June 22, 1999, pending sentencing, [the defendant] was remanded to the custody of the Los Angeles County Sheriff for housing in the Impact program, which was

a custodial program. He is therefore entitled to presentence conduct credits pursuant to … section 4019, subdivision (a) for that period of time." (*Id*. at pp. 920–921.) *Downey* is inapposite because defendant was not remanded to the custody of the sheriff and placed in a custodial program. Instead, he was released on bail and in a private program.

Defendant asserts that *Moore* and similar cases can be distinguished from his case because in those cases the defendants were not confined or incarcerated. Instead, each defendant was ordered to participate in a residential treatment facility as a condition of probation. Defendant apparently asserts that his participation in the residential treatment program constituted confinement. We disagree. He was on bail and ordered to participate in the program as a condition of his bail.

In conclusion, defendant cannot distinguish the cases which establish he is not entitled to conduct credits for the time he was on bail and ordered to participate in a treatment program as a condition of his bail. Moreover, he cannot overcome the fact that he was not in a penal institution as required by section 4019, subdivision (a). Accordingly, he was not entitled to conduct credits, and the trial court correctly denied his request.

## DISPOSITION

The judgment is affirmed as is the order denying defendant's motion to be awarded conduct credits.